[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 08-10022

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
FEBRUARY 20, 2009
THOMAS K. KAHN
CLERK

D. C. Docket No. 07-10035-CR-KMM

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ADRIAN GRANADO-MENA,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(February 20, 2009)

Before EDMONDSON, Chief Judge, and ANDERSON, Circuit Judges, and
COHILL,* District Judge.

PER CURIAM:

_____

*Honorable Maurice B. Cohill, Jr., United States District Judge for the Western District of
Pennsylvania, sitting by designation.

After oral argument and careful consideration, we conclude that the judgment of the district court is due to be affirmed. Appellant's primary argument on appeal is his challenge to the Guideline section 2L1.1(b)(7)(D) enhancement on account of the death of one person who was still in the water and was run over either by appellant's boat or by the boat of the Cuban border patrol. Appellant does not challenge his enhancement under §2L1.1(b)(6). That section provides for an enhancement if the offense involved intentionally or recklessly creating a substantial risk of death or bodily injury to another person. The challenged enhancement – §2L1.1(b)(7)(D) – applies: "If any person died."

In this case, appellant's smuggling operation involved anchoring his go-fast boat offshore of Cuba, requiring the aliens to be smuggled to swim to the boat. Nine aliens had already arrived at appellant's boat when the Cuban Border Patrol appeared and attempted to stop the operation. A number of aliens had not yet reached appellant's boat, and were still in the water. When appellant's boat left abruptly, and the Cuban Border Patrol took chase, one of the persons still in the water was killed.

We readily conclude that the person who was killed died as a result of the substantial risk of death which was created intentionally or recklessly by appellant's smuggling operation. Appellant conceded that he intentionally or

2

recklessly created a substantial risk of death or serious bodily injury (2L1.1(b)(6));
on these facts, we conclude that there was sufficient causal nexus between the risk
and the death to find that the death resulted from that risk and for the district court
to find the enhancement under 2L1.1(b)(7)(D) applicable.[1]

Appellant's challenge to the reasonableness of the sentence is wholly
without merit and rejected without need for further discussion. Accordingly, the
judgment of the district court is

AFFIRMED.

---

[1]     Having decided that there is sufficient causal relationship to dispose of this case,
we need not, and do not, inquire more precisely about the required causal relationship.